United States District Court
Southern District of Texas
**ENTERED**
May 19, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CALYNN REFUGE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:16-CV-192 |
| | § | |
| WELLS FARGO BANK NATIONAL ASSOCIATION, *et al*, | § § | |
| | § | |
| Defendants. | § § | |

## ORDER

Before the Court is Defendant's Wells Fargo Bank, N.A.'s ["Wells Fargo"] Motion for Leave to File Counterclaim Against Plaintiff Calynn Refuge ["Refuge"]. Dkt. 26. Based on the motion, Refuge's Response (Dkt. 27), and the applicable law, the motion for leave to file a counterclaim is **GRANTED**.[1] The reasons for the ruling are explained below.

Refuge brought an employment discrimination claim against Wells Fargo. Recounting instances of race-based disparate treatment before her termination, Refuge asserted that Wells Fargo terminated her after discovering that $30,000 was missing and blamed Refuge due to her race. Dkt. 1, ¶ 37. In November 2016, the Court entered a Docket Control Order, which imposed the following deadlines:

**January 9, 2017**  Motions to Amend the Pleadings

**April 1, 2017**  Identification of plaintiff's experts and production of experts' reports in the form required by Fed. R. Civ. P. 26(a)(2)(B).

---

[1] Wells Fargo filed an untimely Reply. Dkt. 28. The Court need not consider it here.

1 / 5

**May 1, 2017**     Identification of defendant's experts and production of experts' reports in the form required by Fed. R. Civ. P. 26(a)(2)(B).

**August 1, 2017**     Completion of Discovery.

Dkt. 20. In October 2016, Wells Fargo filed its Answer. Dkt. 9. In December 2016—one month before the deadline for amending pleadings—Wells Fargo allegedly discovered that the Harris County District Attorney had indicted Refuge for the theft of the $30,000. Three months after thedeadline, Wells Fargo now requests leave to amend its pleadings to include a counterclaim against Refuge for conversion and breach of fiduciary duty. Wells Fargo explained that, "When initially it seemed that this case might be resolved, Wells Fargo was willing to forgo restitution of the funds Refuge wrongfully appropriated from the bank. Thus Wells Fargo refrained from asserting a counterclaim—hoping instead to bring an end to this litigation." Dkt. 26, ¶ 8. Wells Fargo further argued that leave to file the counterclaim is important because the counterclaim is compulsory under Rule 13 of the Federal Rules of Civil Procedure. Wells Fargo further argued that Refuge would not be prejudiced by the counterclaim, asserting that the mere passage time does not by itself cause prejudice. *See Spartan Grain & Mill Co. v. Ayers*, 517 F.2d 214, 220 (5th Cir. 1975) (holding that "[t]he mere passage of time between an original filing and an attempted [Rule 15] amendment is not a sufficient reason for denial of the motion.").

Refuge argued that Wells Fargo incorrectly brought its motion under Rule 15. According to Refuge, the motion should therefore be denied because Wells Fargo failed

to show good cause for failing to comply with the Docket Control Order.[2] *See Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). Refuge then turned to the four *Fahim* factors to show that Wells Fargo's motion lacked good cause. According to Refuge, Wells Fargo's statement about waiting to file its counterclaim while attempting to resolve the litigation was "completely unsupported by any evidence in the record, and, for good reason, since this case has **NEVER** seemed like it 'might be resolved.'" Dkt. 27, ¶ 4. Refuge further argued that Wells Fargo's counterclaim is unimportant because alternate means of relief exist. Refuge further argued that she will be substantially prejudiced by a counterclaim at this late stage of the litigation. According to Refuge, "Wells Fargo's counterclaim is in fact an attempt to multiply the amount of discovery in this case [and] Refuge will be prejudiced by permitting this post-deadline amendment as discovery has already been underway for many months and almost concluded." Dkt. 27, ¶¶ 6-7. Finally, Refuge argued that a continuance will not cure this prejudice due to the vast difference in resources between the parties.

"A district court has 'broad discretion to preserve the integrity and purpose of the pretrial order.'" *Fahim*, 551 F.3d at 348 (quoting *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 547 (5th Cir. 2003)). Refuge correctly argues that Rule 16 of the Federal Rules of Civil Procedure applies to Wells Fargo's request. Under Rule 16, "[a] schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P.

---

[2] In fact, Wells Fargo relies upon both Rule 15 *and* Rule 16. Wells Fargo indeed dedicated the majority of its motion to Rule 15 factors. However, it also noted that, "Moreover, as demonstrated in this Motion, Wells Fargo has shown good cause, under Rule 16(b)(4), for not supplementing its Answer prior to the deadline." Dkt. 26, ¶ 11. The Court finds that Wells Fargo sufficiently addressed the Rule 16 factors in its motion in order to show good cause.

16(b)(4). Rule 16 controls when a party moves to amend pleadings once the court's scheduling Order deadline for doing so has passed. *See Fahim,* 551 F.3d at 348. The party moving for leave to file a post-deadline amended pleading bears the burden to "show good cause for not meeting the deadline before the more liberal standard of Rule 15(a) will apply to the district court's denial of leave to amend." *Id.* (quoting *City of El Paso,* 346 F.3d at 546. *Fahim* recites four factors that are relevant to good cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.*

Having considered the parties' arguments, the Court, in its discretion, will grant leave for Wells Fargo to file a counterclaim against Refuge. In examining the *Fahim* factors, the Court finds the balance of factors weighs in favor of Wells Fargo. First, Wells Fargo did provide an explanation for its delay in filing a counterclaim. This explanation is vehemently refuted by Refuge. And even if unrefuted, this explanation does not completely excuse Wells Fargo's delay in filing a counterclaim. However, the Court finds that the presence of any explanation slightly favors the movant here. *See id.* (accepting district court determination that failure to offer explanation weighed heavily against good cause).

The Court finds that the second factor heavily favors allowing a compulsory counterclaim. *See Spartan Grain & Mill Co.,* 517 F.2d at 220 ("The argument [in the Rule 15 context] for allowing amendment is especially compelling when, as here, the omitted counterclaim is compulsory.").

As to the prejudice factor: the Court acknowledges the disparity in resources between the parties. However, Refuge was terminated by Wells Fargo for improperly handling $30,000. This allegation—true or false—lies at the center of Refuge's Complaint. Rather than "re-opening the floodgates of discovery," as Refuge claims, the Court is therefore confident that any further discovery will be limited in nature and will not prove unduly burdensome. This factor also favors allowing the counterclaim.

Finally, the Court notes that Wells Fargo failed to address whether a continuance would cure any prejudice faced by Refuge. However, Refuge's argument regarding the resource disparity between the parties at most weakly favors its position against allowing a counterclaim.

Three of the four factors therefore weigh in favor of Wells Fargo. The second factor weighs heavily in its favor. The Court therefore finds that Wells Fargo has established good cause for allowing the counterclaim despite the Docket Control Order's expired deadline. Wells Fargo's motion for leave to file counterclaim is therefore **GRANTED**.

It is therefore **ORDERED** that the Clerk of Court shall file Wells Fargo's amended counterclaim, attached as Docket 26-1.

SIGNED on May 19, 2017 at Galveston, Texas.

George C. Hanks, Jr.
United States District Judge